IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEVEN C. WILKES                                                      PLAINTIFF

V.                                                    NO: 1:22CV012-GHD-DAS

CARGILL, INC.                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is Defendant Cargill, Inc.'s Motion to Dismiss or, Alternatively Motion for Summary Judgment. [11]. Plaintiff Steven C. Wilkes has not responded in opposition to this motion, and upon due consideration, for the reasons set forth herein, the Court hereby grants the Defendant's motion.

### Factual Background

Wilkes was employed by Cargill at a plant in Lowndes County, Mississippi from 1977 until 1986 when Cargill closed the plant. According to the complaint [1], Cargill provided Wilkes with paperwork stating that he would receive retirement benefits, as once the plant closed, Wilkes became vested and entitled to retirement benefits. Wilkes alleges that in 2021 he contacted Cargill to set up his pension benefits and Cargill denied his benefits.

Wilkes' complaint asserts that Cargill has violated the Employee Retirement Income Security Act of 1974 ("ERISA") by failing to provide him with his retirement benefits. Cargill has currently moved to dismiss Wilkes' complaint or alternatively moved for summary judgment.

### Standard

#### A. Rule 12(b)(6) Motion to Dismiss Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA,*

1

*NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

### B. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.,*

*Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

Cargill's sole argument is that Wilkes did not exhaust the administrative remedies available under the ERISA plan Cargill, Incorporated and Associated Companies Pension Plan for Production Employees as required by the Fifth Circuit, thus warranting dismissal of Wilkes' complaint.

As an initial matter, the Court must determine whether to address Cargill's motion as a motion to dismiss or motion for summary judgment. If evidence outside of the pleadings is presented to the court and used in deciding a 12(b)(6) motion, the matter must be converted to a motion for summary judgment. Fed.R.Civ.P. 12(d); *Knighton v. Merscorp Inc.*, 304 Fed.Appx. 285, 287 (5th Cir.2008) (citing *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir.1993)). In the matter *sub judice*, Cargill submitted multiple exhibits with the current motion that are necessarily relied on to support their failure to exhaust argument; thus, the court must convert the motion to dismiss into a motion for summary judgment. Also, while the Fifth Circuit generally requires that claimants seeking benefits from an ERISA plan first exhaust available remedies under the plan before bringing suit, exhaustion of remedies is not a jurisdictional bar; it is an affirmative defense. *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). A complaint is also not subject to dismissal under rule 12(b)(6) for failing to allege facts disproving a possible affirmative defense. *Hall v. Hodgkins*, 305 F. App'x 224, 228 n.1 (5th Cir. 2008). Therefore, unless the complaint itself makes apparent that a plaintiff

4

has failed to exhaust administrative remedies, a summary judgment motion is the proper procedure to assert an ERISA failure to exhaust administrative remedies defense.

When a motion to dismiss is converted to a motion for summary judgment, Rule 12(d) requires that all parties be afforded a reasonable opportunity to present all material pertinent to a motion for summary judgment. Fed.R.Civ.P. 12(d). Here, however, Wilkes had notice that Cargill's motion could be treated as a motion for summary judgment as Cargill also sought relief under Rule 56.

As the Court stated above, "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois*, 215 F.3d at 479. The ERISA plan provided by Cargill provides that a "[p]articipant must use and exhaust the Plan's administrative claims procedure before bringing suit ... [and] a [p]articipant's failure to follow the Plan's prescribed procedures in a timely manner shall cause the participant to lose his or her right to bring suit." [11-1].

The affidavit of Stacey Rice, submitted by Cargill, states that Wilkes was actually paid his pension at the time of his separation from Cargill, and Wilkes was again notified that he must exhaust the administrative claims procedure before bringing suit. In the instant case, it is uncontroverted that Wilkes failed to exhaust the required appeal procedure. Wilkes has not responded to the present motion nor provided any evidence to show that the administrative claims procedure was pursued prior to bringing this suit. The only evidence before this Court shows that Wilkes failed to exhaust all administrative remedies available under the Cargill retirement pension plan before bringing suit, and thus, there is no genuine issue of material fact.

## Conclusion

For the reasons stated above, the Court finds that the Defendant's Motion to Dismiss, or Alternatively Motion for Summary Judgment [11] shall be granted and the Plaintiff's complaint dismissed.

An order in accordance with this opinion shall issue this day.

This, the 6th day of September, 2022.

_____
SENIOR U.S. DISTRICT JUDGE