IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEVEN C. WILKES                                                                     PLAINTIFF

V.                                                                         NO: 1:22CV012-GHD-DAS

CARGILL, INC.                                                                         DEFENDANT

ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE

Before the Court is Plaintiff Steven Wilkes' Motion to Set Aside [15], further described as a Motion for Relief From Judgment. Defendant Cargill, Inc. has responded in opposition to this motion, and upon due consideration, for the reasons set forth herein, the Court hereby denies the Plaintiff's motion.

On May 27, 2022, Defendant filed a Motion to Dismiss, or, Alternatively, Motion for Summary Judgment. [11]. Plaintiff then had fourteen days, or until June 10, 2022, to oppose the Defendant's motion through filing a response in opposition. Plaintiff did not file any response to Defendant's motion, nor did Plaintiff seek an extension of time in which to reply to Defendant's motion. On September 12, 2022, approximately three months after Plaintiff's deadline to respond to Defendant's motion, this Court issued an order granting Defendant's unopposed motion [14].

Plaintiff states in the present motion that after Defendant's prior motion [11] was filed, a scheduling order was not entered and no hearing date was set by the Court concerning Defendant's motion. Plaintiff claims that they were unaware that a judgment would be entered prior to a scheduling order or a hearing on the merits, and Plaintiff now requests relief from the Court's prior judgment in the form of allowing Plaintiff to present evidence to contradict the Defendant's position taken in the Motion to Dismiss, or Alternatively, Motion for Summary Judgment [11].

1

Plaintiff makes this Motion for Relief from Judgment [15] through Rule 60(b) of the Federal Rules of Civil Procedure which permit "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Plaintiff only cites to Rule 60(b)(6), the catchall subsection for Rule 60(b), which states that the Court may relieve a party from a final judgment for "any other reason that justifies relief." F.R.C.P. 60(b)(6). However, Rule 60(b)(6) is only available when Rules 60(b)(1) through (b)(5) are inapplicable, and even then, Rule 60(b)(6) should only be applied in extraordinary circumstances. *Kemp v. United States*, 142 S.Ct. 1856, 1861, 213 L.Ed.2d 90 (2022).

The Court does not find Rule 60(b)(1) to be inapplicable, as Rule 60(b)(1) states that the Court may relieve a party from a final judgment, order, or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." F.R.C.P. 60(b)(1). The Court finds Rule 60(b)(1) applicable due to Plaintiff's own statement that they were "unaware" that the Court would enter a judgment without a scheduling order or a hearing on the merits. Plaintiff's argument then appears to be that this unawareness of the Court's Local Rules constitutes a mistake or excusable neglect. However, "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Edward H. Bohlin Co. v. Banning Co.*, F.3d 350, 357 (5th Cir. 1993). "[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* (quoting *Edward H. Bohlin Co*, F.3d at 357). Plaintiff was simply unaware that Local Rule 7(b)(6)(A) provides that "the court will decide motions without a hearing or oral argument unless otherwise ordered by the Court on its own motion or, in its discretion,

2

upon written request made by counsel in an easily discernible manner on the face of the motion or response." Further, Local Rule 7(b)(4) states that "[c]ounsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response." Also, there is no rule requiring that a scheduling order be entered before the Court can rule on a pending motion.

The Court finds that the Plaintiff has not demonstrated that relief is justified under Federal Rule 60(b)(1). Even if the Court did find instead that Rule 60(b)(6) applied in this situation, the Plaintiff has failed to demonstrate any extraordinary circumstances that would warrant relief.

For the reasons stated above, it is hereby ORDERED that the Plaintiff's Motion to Set Aside [15] is DENIED.

SO ORDERED, this the 2 day of December, 2022.

SENIOR U.S. DISTRICT JUDGE